UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
PORTIER, LLC,

                      Plaintiff,

      v.

CITY OF NEW YORK,

                      Defendant.
------------------------------------------------------------------------x

**ANSWER TO COMPLAINT**

21 CV 10347 (AT) (SLC)

        Defendant CITY OF NEW YORK ("City"), by its attorney, GEORGIA M. PESTANA, Corporation Counsel of the City of New York, as and for its answer to the "Complaint and Demand for a Jury Trial" dated December 3, 2021 ("Complaint") in the above-captioned action, respectfully alleges as follows:

        1.     Denies the allegations set forth in paragraph "1" of the Complaint, except admits that the City enacted provisions of law codified at sections 20-563.7 and 20-847.3 of the Administrative Code of the City of New York ("N.Y.C. Admin. Code"),[1] and avers that N.Y.C. Admin. Code § 20-847.3 was repealed as of January 24, 2022, and respectfully refers the Court to the Challenged Laws for their full text and true meaning.

        2.     Denies the allegations set forth in paragraph "2" of the Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's (a) "contracts with their New York City restaurant partners," (b) platforms, and/or (c) treatment of the customer data that is the subject of the Challenged Laws.

---

[1] In the Complaint, Plaintiff collectively refers to N.Y.C. Admin. Code §§ 20-563.7, 20-847.3 as the "Ordinance." For purposes of responding to the allegations in the Complaint, the City shall collectively refer to those provisions of law as the "Challenged Laws."

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

4. Denies the allegations set forth in paragraph "4" of the Complaint.

5. Denies the allegations set forth in paragraph "5" of the Complaint.

6. Denies the allegations set forth in paragraph "6" of the Complaint.

7. Denies the allegations set forth in paragraph "7" of the Complaint.

8. Denies the allegations set forth in paragraph "8" of the Complaint.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that Plaintiff purports to proceed as set forth therein.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except admits that Plaintiff was incorporated in the State of Delaware in 2014 and that Plaintiff falls within the definition of the term "Third-Party Food Delivery Service" in N.Y.C. Admin. Code §§ 20-563 and 20-845, and avers that N.Y.C. Admin. Code § 20-845 was repealed as of January 24, 2022 and that Plaintiff operates in the State and City of New York.

11. Admits the allegations set forth in paragraph "11" of the Complaint.

12. Neither admits nor denies the allegations set forth in paragraph "12" of the Complaint to the extent that they constitute statements of law to which no response is required, but, to the extent that a response is necessary, denies those allegations, except admits that Plaintiff alleges violations of rights under the Constitution and laws of the United States.

13. Neither admits nor denies the allegations set forth in paragraph "13" of the Complaint to the extent that they constitute statements of law to which no response is required, but, to the extent that a response is necessary, denies those allegations.

14. Neither admits nor denies the allegations set forth in paragraph "14" of the Complaint to the extent that they constitute statements of law to which no response is required, but, to the extent that a response is necessary, denies so much of those allegations to the extent that Plaintiff alleges that such relief should be awarded, and respectfully refers the Court to the provisions of law cited therein for their full text and true meaning.

15. Neither admits nor denies the allegations set forth in paragraph "15" of the Complaint to the extent that they constitute statements of law to which no response is required, but, to the extent that a response is necessary, denies those allegations, except admits that the City is located in this judicial district and that venue is proper in this Court.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint, except admits that consumers access and use Plaintiff's platforms to find and transact with food service establishments.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint, except denies so much of those allegations as is inconsistent with the provisions of the document that Plaintiff refers to as the "Privacy Notice," and respectfully refers the Court to such "Privacy Notice" for its full text and true meaning.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint, except denies so much of those

allegations as is inconsistent with the provisions of the document that Plaintiff refers to as the "Privacy Notice," and respectfully refers the Court to such "Privacy Notice" for its full text and true meaning.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint, except denies so much of those allegations as is inconsistent with the provisions of the document that Plaintiff refers to as the "2021 ESG Report," and respectfully refers the Court to such "2021 ESG Report" for its full text and true meaning.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "24" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint, except admits that Plaintiff's platforms enable customers to place orders with food service establishments that may be delivered or picked-up.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Denies the allegations set forth in paragraph "31" of the Complaint.

32. Denies the allegations set forth in paragraph "32" of the Complaint, except admits that the cited "Briefing Paper and Committee Report of the Governmental Affairs Division" dated June 8, 2021 (the "June 8, 2021 Committee Report") issued by the City Council's Committee on Consumer Affairs and Business Licensing is available on the City Council's website, and avers (a) that, on May 12, 2021, the City Council introduced a bill entitled "Int. No. 2311" ("Int. No. 2311-2021") and sponsored by City Council Members Powers, Rosenthal, Kallos, Ayala, Lander, Menchaca and Gjonaj, which, as amended ("Int. No. 2311-A-2021"), would later become Local Law No. 90 of the City of New York for the Year 2021 ("Local Law 90-2021"), (b) that Local Law 90-2021, in part, is codified at N.Y.C. Admin. Code § 20-847.3, and (c) that N.Y.C. Admin. Code § 20-847.3 was repealed as of January 24, 2022, and respectfully refers the Court to Int. No. 2311-2021, Int. No. 2311-A-2021, and Local Law 90-2021 for their full text and true meaning

33. Denies the allegations set forth in paragraph "33" of the Complaint, and respectfully refers the Court to Int. No. 2311-2021 for its full text and true meaning.

34. Denies so much of the allegations set forth in paragraph "34" of the Complaint as is inconsistent with the contents of the June 8, 2021 Committee Report, and

respectfully refers the Court to the June 8, 2021 Committee Report for its full text and true meaning.

35. Denies the allegations set forth in paragraph "35" of the Complaint, and respectfully refers the Court to the transcript of the hearing held on June 8, 2021 by the Committee on Consumer Affairs and Business Licensing and the "Committee Report of the Governmental Affairs Division" dated July 29, 2021 (hereinafter "the July 29, 2021 Committee Report") issued by the Committee on Consumer Affairs and Business Licensing for their full text and true meaning.

36. Denies so much of the allegations set forth in paragraph "36" of the Complaint as is inconsistent with Int. No. 2311-2021, and avers that Int. No. 2311-2021 did not become law and was amended as Int. No. 2311-A-2021, and respectfully refers the Court to Int. No. 2311-2021 and Int. No. 2311-A-2021 for their full text and true meaning.

37. Denies so much of the allegations set forth in paragraph "37" of the Complaint as is inconsistent with Int. No. 2311-2021, and avers that Int. No. 2311-2021 did not become law and was amended as Int. No. 2311-A-2021, and respectfully refers the Court to Int. No. 2311-2021 and Int. No. 2311-A-2021 for their full text and true meaning.

38. Denies the allegations set forth in paragraph "38" of the Complaint, and respectfully refers the Court to the transcript of the hearing held on June 8, 2021 by the Committee on Consumer Affairs and Business Licensing for its full text and true meaning.

39. Denies so much of the allegations set forth in paragraph "39" of the Complaint as is inconsistent with the testimony submitted on Int. No. 2311-2021, and respectfully refers the Court to the transcript of the hearing held on June 8, 2021 by the Committee on Consumer Affairs and Business Licensing for its full text and true meaning.

40. Denies so much of the allegations set forth in paragraph "40" of the Complaint as is inconsistent with the testimony submitted on Int. No. 2311-2021, and respectfully refers the Court to the transcript of the hearing held on June 8, 2021 by the Committee on Consumer Affairs and Business Licensing for its full text and true meaning.

41. Denies so much of the allegations set forth in paragraph "41" of the Complaint as is inconsistent with the alleged concerns by civil rights groups cited in the articles referenced by Plaintiff in footnotes "2" and "3" of the Complaint, and respectfully refers the Court to such articles for their full text and true meaning.

42. Denies the allegations set forth in paragraph "42" of the Complaint, except admits that Plaintiff, DoorDash, Inc., and Grubhub Inc. opposed Int. No. 2311-2021 and raised concerns before the City Council.

43. Denies so much of the allegations set forth in paragraph "43" of the Complaint as is inconsistent with the testimony submitted on Int. No. 2311-2021, and respectfully refers the Court to the transcript of the hearing held on June 8, 2021 by the Committee on Consumer Affairs and Business Licensing for its full text and true meaning.

44. Denies so much of the allegations set forth in paragraph "44" of the Complaint as is inconsistent with the testimony submitted on Int. No. 2311-2021, and respectfully refers the Court to the transcript of the hearing held on June 8, 2021 by the Committee on Consumer Affairs and Business Licensing for its full text and true meaning.

45. Denies so much of the allegations set forth in paragraph "45" of the Complaint as is inconsistent with the testimony submitted on Int. No. 2311-2021, and respectfully refers the Court to the transcript of the hearing held on June 8, 2021 by the Committee on Consumer Affairs and Business Licensing for its full text and true meaning.

46. Denies the allegations set forth in paragraph "46" of the Complaint, except admits that the Committee on Consumer Affairs and Business Licensing proposed a bill that amended Int. No. 2311-2021 (*i.e.*, Int. No. 2311-A-2021), and avers that Int. No. 2311-A-2021 was proposed on July 29, 2021, and respectfully refers the Court to Int. No. 2311-A-2021 for its full text and true meaning.

47. Denies so much of the allegations set forth in paragraph "47" of the Complaint as is inconsistent with the contents of the "July 29, 2021 Committee Report, and respectfully refers the Court to the July 29, 2021 Committee Report for its full text and true meaning.

48. Denies the allegations set forth in paragraph "48" of the Complaint, except admits that Int. No. 2311-A-2021 was passed with thirty five (35) affirmative votes, six (6) negative votes, two (2) abstentions, and six (6) absences, and respectfully refers the Court to the transcripts of the hearing held on July 29, 2021 by the Committee on Consumer Affairs and Business Licensing and the stated meeting held on July 29, 2021 by the City Council for their full text and true meaning.

49. Denies the allegations set forth in paragraph "49" of the Complaint, and avers that the Challenged Laws permit a food service establishment to request its own customer data and that such customer data will only be disclosed if the food service establishment's customer allows such disclosure.

50. Denies the allegations set forth in paragraph "50" of the Complaint, except admits that Int. No. 2311-A-2021 became law on August 29, 2021 (as Local Law 90-2021) and took effect on December 27, 2021, and avers that N.Y.C. Admin. Code § 20-845 (codified by Local Law No. 92 of the City of New York for the Year 2021 ("Local Law 92-2021")) and

N.Y.C. Admin. Code § 20-847.3 (codified by Local Law 90-2021) were repealed on January 24, 2022 by section 1 of Local Law No. 100 of the City of New York for the Year 2021 ("Local Law 100-2021").

51. Denies the allegations set forth in paragraph "51" of the Complaint, except admits that (a) Local Law 100-2021 includes provisions of law relating to the licensing of "third-party food delivery service," (b) the effective date of Local Law 100-2021 was January 24, 2022, (c) Local Law 100-2021 repealed N.Y.C. Admin. Code § 20-847.3, (d) the definitions of the term "customer data" in Local Law 92-2021 and Local Law 100-2021 are the same, and (e) the definition of the term "third-party food delivery service" in Local Law 100-2021 replaced the definition of such term in Local Law 92-2021, and respectfully refers the Court to Local Law 100-2021 for its full text and true meaning.

52. Denies the allegations set forth in paragraph "52" of the Complaint.

53. Denies the allegations set forth in paragraph "53" of the Complaint, except admits that, under the cited N.Y.C. Admin. Code sections, the term "Customer Data" means the name, telephone number, email address, the delivery address, and the contents of the customer's online order, and avers that the Challenged Laws permit a food service establishment to request its own customer data and that such customer data will only be disclosed if the food service establishment's customer allows such disclosure, and respectfully refers the Court to the cited N.Y.C. Admin. Code sections for their full text and true meaning.

54. Denies the allegations set forth in paragraph "54" and footnote "4" of the Complaint, except admits that the cited N.Y.C. Admin. Code sections contain, in part, the quoted language, and avers (a) that N.Y.C. Admin. Code § 20-847.3 has been superseded and (b) that the regulations implementing N.Y.C. Admin. Code § 20-563.7 require every third-party food

delivery service to provide to a customer—in a clear and conspicuous manner and prior to such customer's completion of every prospective order—(i) a disclosure that informs such customer, *inter alia*, that such third-party food delivery service must share certain customer data with the food service establishment fulfilling such order upon such establishment's request, unless such customer opts out of such disclosure, and (ii) a means for such customer to opt out, and respectfully refers the Court to the cited N.Y.C. Admin. Code sections and the regulations implementing N.Y.C. Admin. Code § 20-563.7 (*i.e.*, 6 RCNY § 2-465) for their full text and true meaning.

55. Denies the allegations set forth in paragraph "55" and footnote "5" of the Complaint, except admits that the cited N.Y.C. Admin. Code sections contain, in part, the quoted language, and avers that N.Y.C. Admin. Code § 20-563.7 (a) precludes food service establishments from selling, renting, or disclosing such customer data to a third party in exchange for financial benefit, unless such establishments have the express consent of the customer from whom the customer data was collected, (n) enables a customer to withdraw such consent, and (c) requires a food service establishment to delete any such customer data upon request by a customer, and respectfully refers the Court to the cited N.Y.C. Admin. Code sections for their full text and true meaning.

56. Denies the allegations set forth in paragraph "56" of the Complaint, except admits that the cited N.Y.C. Admin. Code sections contain, in part, the quoted language, and avers that N.Y.C. Admin. Code § 20-563.7 (a) precludes food service establishments from selling, renting, or disclosing such customer data to a third party in exchange for financial benefit, unless such establishments have the express consent of the customer from whom the customer data was collected, (b) enables a customer to withdraw such consent, and (c) requires a

food service establishment to delete any such customer data upon request by a customer, and respectfully refers the Court to the cited N.Y.C. Admin. Code sections for their full text and true meaning.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Complaint, except admits that the Challenged Laws do not impose any certification requirement on food service establishments, and respectfully refers the Court to the Challenged Laws for their full text and true meaning.

58. Denies the allegations set forth in paragraph "58" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning the data security and privacy policies and practices of Plaintiff, other third-party food delivery services, and food service establishments.

59. Denies the allegations set forth in paragraph "59" of the Complaint.

60. Denies the allegations set forth in paragraph "60" of the Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint.

62. Denies the allegations set forth in paragraph "62" and footnote "6" of the Complaint.

63. Denies the allegations set forth in paragraph "63" of the Complaint, except admits that (a) third-party food delivery services must comply with Local Law 100-2021, (b) a third-party food delivery service that fails to comply with N.Y.C. Admin. Code § 20-563.7 is subject to a civil penalty that shall not exceed $500 for each violation, and (c) that violations by third-party food delivery services "accrue on a daily basis for each day and for each food service establishment with respect to which a violation . . . was committed," and avers that civil penalties

for such a violation must be recovered through a proceeding brought "in any tribunal established within the office of administrative trials and hearings or within any agency of the city designated to conduct such proceedings," and respectfully refers the Court to Local Law 100-2021 for its full text and true meaning.

64. Denies the allegations set forth in paragraph "64" of the Complaint, except admits that, as of January 2022, "third-party food delivery services," as defined in Local Law 100-2021, must obtain a license to operate and that such a third-party food delivery service may have a license suspended or revoked, or its renewal application denied, if, *inter alia*, it is found to have committed two or more violations of any provision of subchapter 36 of chapter 2 of title 20 of N.Y.C. Admin. Code or chapter 5 of title 20 of N.Y.C. Admin. Code, or any rules promulgated thereunder, in the preceding two years, and respectfully refers the Court to Local Law 100-2021 for its full text and true meaning.

65. Denies the allegations set forth in paragraph "65" of the Complaint.

66. In response to the allegations repeated, reiterated, and realleged in paragraph "66" of the Complaint, Defendant repeats, reiterates, and realleges the responses set forth in paragraphs "l" through "65" of its answer to the Complaint as if fully set forth herein.

67. Neither admits nor denies the allegations set forth in paragraph "67" of the Complaint to the extent that they constitute statements of law, to which no response is required, but, to the extent that a response is necessary, denies so much of those allegations to the extent that Plaintiff alleges that Defendant has violated the Contract Clause of the U.S. Constitution, and respectfully refers the Court to the sources of law for their full text and true meaning.

68. Neither admits nor denies the allegations set forth in paragraph "68" of the Complaint to the extent that they constitute statements of law, to which no response is required,

but, to the extent that a response is necessary, denies so much of those allegations to the extent that Plaintiff alleges that Defendant has violated the Contract Clause of the U.S. Constitution, and respectfully refers the Court to the cited case for its full text and true meaning.

69. Denies the allegations set forth in paragraph "69" of the Complaint.

70. Denies the allegations set forth in paragraph "70" of the Complaint, and respectfully refers the Court to the cited case for its full text and true meaning.

71. Denies the allegations set forth in paragraph "71" of the Complaint.

72. Denies the allegations set forth in paragraph "72" of the Complaint.

73. Denies the allegations set forth in paragraph "73" of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

74. Denies the allegations set forth in paragraph "74" of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

75. In response to the allegations repeated, reiterated, and realleged in paragraph "75" of the Complaint, Defendant repeats, reiterates, and realleges the responses set forth in paragraphs "l" through "74" of its answer to the Complaint as if fully set forth herein.

76. Neither admits nor denies the allegations set forth in paragraph "76" of the Complaint to the extent that they constitute statements of law, to which no response is required, but, to the extent that a response is necessary, denies so much of those allegations to the extent that Plaintiff alleges that Defendant has violated the First Amendment to the U.S. Constitution, and respectfully refers the Court to the cited provision of law for its full text and true meaning.

77. Neither admits nor denies the allegations set forth in paragraph "77" of the Complaint to the extent that they constitute statements of law, to which no response is required, but, to the extent that a response is necessary, denies so much of those allegations to the extent

that Plaintiff alleges that Defendant has violated the First Amendment to the U.S. Constitution, and respectfully refers the Court to the cited cases for their full text and true meaning.

78. Denies the allegations set forth in paragraph "78" of the Complaint.

79. Denies the allegations set forth in paragraph "79" of the Complaint, and respectfully refers the Court to the cited cases for their full text and true meaning.

80. Denies the allegations set forth in paragraph "80" of the Complaint.

81. Denies the allegations set forth in paragraph "81" of the Complaint.

82. Denies the allegations set forth in paragraph "82" of the Complaint.

83. Denies the allegations set forth in paragraph "83" of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

84. Denies the allegations set forth in paragraph "84" of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

85. In response to the allegations repeated, reiterated, and realleged in paragraph "85" of the Complaint, Defendant repeats, reiterates, and realleges the responses set forth in paragraphs "l" through "84" of its answer to the Complaint as if fully set forth herein.

86. Neither admits nor denies the allegations set forth in paragraph "86" of the Complaint to the extent that they constitute statements of law, to which no response is required, but, to the extent that a response is necessary, denies so much of those allegations to the extent that Plaintiff alleges that Defendant has violated the Takings Clause of the Fifth Amendment to the U.S. Constitution, and respectfully refers the Court to the sources of law for their full text and true meaning.

87. Denies the allegations set forth in paragraph "87" of the Complaint.

88. Denies the allegations set forth in paragraph "88" of the Complaint, and respectfully refers the Court to the cited case for its full text and true meaning.

89. Denies the allegations set forth in paragraph "89" of the Complaint, and respectfully refers the Court to the cited case for its full text and true meaning.

90. Denies the allegations set forth in paragraph "90" of the Complaint.

91. Denies the allegations set forth in paragraph "91" of the Complaint.

92. Denies the allegations set forth in paragraph "92" of the Complaint.

93. Denies the allegations set forth in paragraph "93" of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

94. Denies the allegations set forth in paragraph "94" of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

95. In response to the allegations repeated, reiterated, and realleged in paragraph "95" of the Complaint, Defendant repeats, reiterates, and realleges the responses set forth in paragraphs "l" through "94" of its answer to the Complaint as if fully set forth herein.

96. Neither admits nor denies the allegations set forth in paragraph "96" of the Complaint to the extent that they constitute statements of law, to which no response is required, but, to the extent that a response is necessary, denies so much of those allegations to the extent that Plaintiff alleges that Defendant has violated the Commerce Clause of the U.S. Constitution, and respectfully refers the Court to the sources of law for their full text and true meaning.

97. Neither admits nor denies the allegations set forth in paragraph "77" of the Complaint to the extent that they constitute statements of law, to which no response is required, but, to the extent that a response is necessary, denies so much of those allegations to the extent

that Plaintiff alleges that Defendant has violated the Commerce Clause of the U.S. Constitution, and respectfully refers the Court to the cited cases for their full text and true meaning.

98. Denies the allegations set forth in paragraph "98" of the Complaint, and respectfully refers the Court to the cited case for its full text and true meaning.

99. Denies the allegations set forth in paragraph "99" of the Complaint, and respectfully refers the Court to the cited case for its full text and true meaning.

100. Denies the allegations set forth in paragraph "100" of the Complaint.

101. Denies the allegations set forth in paragraph "101" of the Complaint.

102. Denies the allegations set forth in paragraph "102" of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

103. Denies the allegations set forth in paragraph "103" of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

104. In response to the allegations repeated, reiterated, and realleged in paragraph "104" of the Complaint, Defendant repeats, reiterates, and realleges the responses set forth in paragraphs "l" through "103" of its answer to the Complaint as if fully set forth herein.

105. Denies the allegations set forth in paragraph "105" of the Complaint, except admits that Defendant has the authority to promulgate laws that benefit the public health, safety and welfare, and respectfully refers the Court to the cited provisions of law for their full text and true meaning.

106. Denies the allegations set forth in paragraph "106" of the Complaint, and respectfully refers the Court to the cited case for its full text and true meaning.

107. Denies the allegations set forth in paragraph "107" of the Complaint.

108. Denies the allegations set forth in paragraph "108" of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

### AS AND FOR A FIRST DEFENSE

109. The Court lacks subject-matter jurisdiction on the ground that Plaintiff lacks standing to maintain this action against Defendant.

### AS AND FOR A SECOND DEFENSE

110. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A THIRD DEFENSE

111. Defendant has not violated any rights, privileges or immunities secured to Plaintiff by the Constitution and laws of the United States of America.

### AS AND FOR A FOURTH DEFENSE

112. Defendant has not violated any rights, privileges or immunities secured to Plaintiff by the Constitution and laws of the State of New York or the City Charter and laws of the City of New York.

### AS AND FOR A FIFTH DEFENSE

113. The Challenged Laws (a) have been enacted pursuant to the City of New York's police power to protect the public welfare, and (b) are constitutional, valid, and enforceable in all respects.

### AS AND FOR A SIXTH DEFENSE

114. At all times relevant to the acts alleged in the Complaint, Defendant's conduct was reasonable, proper, lawful, constitutional, and made in good faith, without malice, and/or without willful intent to violate any applicable law, rule, or regulation.

## AS AND FOR AN SEVENTH DEFENSE

115. This Court should decline supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(c).

**WHEREFORE**, Defendant respectfully requests that the Court enter a judgment dismissing the Complaint in its entirety and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:	New York, New York
	February 7, 2022

                                            **GEORGIA M. PESTANA**
                                            Corporation Counsel of the
                                               City of New York
                                            Attorney for Defendant
                                            100 Church Street, 4th Floor
                                            New York, New York 10007


                                    By: /s/ Karen B. Selvin
                                            Karen B. Selvin
                                            Telephone: (212) 356-2208
                                            Email: kselvin@law.nyc.gov